**DAVIS, Plaintiff-Appellee, v. HARPER et, Defendants-Appellants.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 21129.   Decided April 18, 1949.

Harvey E. Elliott, Cleveland, for plaintiff-appellee.

C. A. Wilmot, Chardon, Green, Woods, Lausche & Wilmot, Cleveland, for defendants-appellants.

## OPINION

By SKEEL, J.

This cause comes to this court on questions of law from a judgment and decree of the common pleas court. The action began as one in foreclosure wherein the plaintiff executrix sought judgment on a promissory note of the defendant, Ida Harper, and to cause the sale of defendant's property upon which the plaintiff held a mortgage so that the proceeds of such sale could be used to liquidate such judgment.

This appeal, however, was brought by the defendant, Ida Harper, to reverse that part of the decree in which the court finds for the defendant Jackson, upon his cross-petition wherein he seeks to set aside an agreement of settlement of a judgment held by him against the defendant, Ida Harper, it being alleged that the said defendant, Ida Harper, induced such settlement for less than the full value of the judgment by falsely representing that the mortgage lien against her property held by Davis was a valid and prior lien to this defendant Jackson's judgment lien when in truth such mortgage lien was given to defraud the creditors of Ida Harper.

The date of the execution and delivery of this note and mortgage to Davis was December 9, 1939.

The defendant, Ida Harper, by answer admitted the delivery of the note and mortgage to William J. Davis, now deceased, but alleges that there was no consideration given for the note and that said note and mortgage was delivered to the deceased by the defendant so that other creditors would not attempt to subject such property to the payment of their claims and when the danger of having such property subjected to the payment of her debts had passed he would cancel the mortgage and return the note.

An examination of the evidence conclusively sustains the contention of the defendant, Ida Harper, upon this issue and the court by its decree ordered the mortgage cancelled of record and entered judgment for this defendant on the note.

There was one other judgment lien against the property of Ida Harper which was held by defendant, Carolyn Morrow as assignee of a judgment in favor of defendant Ralph T. Alger which judgment became dormant on August 5, 1944.

The dates upon which these obligations became record liens on the defendant, Ida Harper's property was as follows:

Alger judgment for $4,299.66, subsequently assigned to Carolyn Morrow—Aug. 1, 1939.

Mortgage lien of mortgage signed by defendant, Ida Harper, to William J. Davis for $4,575.00 recorded December 12, 1939.

Judgment lien of judgment of Herbert E. Pelton for the sum of $4,060.00 in the common pleas court of Geauga County April 11, 1940 and filed as a judgment lien in Cuyahoga County on May 16, 1940 which judgment was thereafter assigned to the defendant Everett Jackson.

It being conceded that the Davis mortgage was given without consideration for the pretended purpose of protecting the defendant, Ida Harper, against executing creditors, such circumstance would constitute a fraud upon any creditor who was induced to settle his claim against her for less than the true amount of the debt, who relied upon such mortgage as truthfully affecting her financial ability to pay.

It is the contention of the defendant, Ida Harper, that the defendant Everett Jackson and his attorney knew that the Davis mortgage was void for want of consideration at the time the compromise of defendant Jackson's judgment on June 6, 1944. This claim is denied by Jackson and his lawyer, Mr. Wilmot. It therefore becomes a question of fact as to whether or not the defendant Jackson knew or through his attorney is charged with knowledge of the fact that the Davis mortgage was void at the time he compromised his claim against Ida Harper.

The trial court concluded that they did not have notice of such fact and that such compromise was therefore induced by fraud. We cannot say that such finding is manifestly against the weight of the evidence.

For the foregoing reasons the judgment and decree of the trial court is affirmed. Exc. Order See Journal.

MORGAN, PJ, HURD, J, concur.